# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

In the Matter of the Search of

One Black Motorola Boost Mobile Cellular Telephone
Model number H74XAH6RR4AN
Serial number 364VHGL5WK

APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT

08 MJ 2018

CASE NO.: 08CR1191-DMS

FILED
08 JUL -2 AM 9:56
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

I Canyon C. Sweet being duly sworn depose and say:

I am a Senior Patrol Agent with the United States Border Patrol and have reason to believe that on the property or premises known as:

   See Attachment A

in the SOUTHERN District of CALIFORNIA

there is now concealed a certain person or property, namely

   **Evidence of a crime, contraband, fruits of crime, or other items illegally possessed, property designed for use, intended for use, or used in committing a crime, as set forth more fully in Attachment B**

which is

   **Property and electronic data that constitutes evidence of the commission of a criminal offense, and which is and has been used as the means for committing a criminal offense**

concerning violations of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II)

The facts to support a finding of Probable Cause are as follows:

   **See attached affidavit of United States Senior Border Patrol Agent, which is attached and incorporated herein by reference**

Continued on the attached sheets and made a part thereof.  X  Yes __ No

Signature of Affiant

Sworn to before me, and subscribed in my presence

7/1/08
Date

San Diego, California
City and State

Barbara L. Major, U.S. Magistrate Judge
Name and Title of Judicial Officer

Signature of Judicial Officer

## ATTACHMENT A

## PROPERTY/ITEMS TO BE SEARCHED

The property/items to be searched are described as:

One black Motorola Boost Mobile cellular telephone. This cellular telephone is identified by model number H74XAH6RR4AN and serial number 364VHGL5WK. The cellular telephone is presently in the custody of U.S. Border Patrol.

## ATTACHMENT B

## PROPERTY/ITEMS TO BE SEIZED

The items to be seized are electronic data that constitute evidence of the commission of a criminal offense, and electronic data which is and has been used as the means for committing a criminal offense. The specific criminal offenses involved are violations of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II), transportation of illegal aliens and aiding and abetting. The items to be seized are the electronic data described below:

1. The phone numbers and/or direct connect and/or names and identities assigned to the cellular phone;

2. Digital, cellular, and/or telephone numbers and/or direct connect numbers, names and identities stored in the directories;

3. Phone numbers and direct connect numbers dialed from the cellular phone and stored in memory, along with date and time of call data;

4. Phone numbers and direct connect numbers "received" by the cellular phone and stored in memory, along with date and time of call data;

5. Phone numbers and direct connect numbers for the most recent "missed" calls by the cellular phone, including date and time of call data;

6. The last number dialed from the cellular phone and;

7. Any other electronic information in the stored memory of the cellular phone, including but not limited to text messages and voicemails, relating to violations of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II), transportation of illegal aliens and aiding and abetting.

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT APPLICATIONS

I, CANYON C. SWEET, Senior Agent (SA) with the U.S. Border Patrol (USBP), having been duly sworn, depose and state as follows:

## INTRODUCTION

1. I am a Border Patrol Agent with the Department of Homeland Security, United States Border Patrol (USBP), and have been so employed since 2002. I have worked for USBP for approximately five years as a USBP Agent. I am a graduate of a twenty-week preparatory course at the Federal Law Enforcement Training Center prior to becoming a USBP agent. I have received training in investigating various immigration-related offenses, including alien smuggling. I have worked with other agents with extensive experience in alien smuggling investigations as well.

2. Your affiant is currently assigned to the USBP, El Cajon Station in El Cajon, California. Your affiant is assigned to conduct investigations of criminal violations relating to the smuggling and transportation of illegal aliens. Your affiant has personally arrested or participated in the arrest of hundreds of persons for violations of immigration laws, including alien smuggling and transportation. Related to these arrests, your affiant has conducted interviews with the arrested persons and with their associates. Through these interviews, your affiant has gained a working knowledge and insight into the typical working of alien smugglers. Your affiant has also gained extensive information as to the normal operational habits of persons who make their living as alien smugglers.

3. Through the course of your affiant's duties, your affiant has talked with experienced alien smuggling investigators about the activities of alien smugglers. Additionally, your affiant has received on the job training dealing with the activities of alien smugglers practiced locally. Your affiant is aware that it is a common practice for alien smugglers to work in concert with other individuals by utilizing cellular telephones, pagers and portable radios to maintain communications with co-conspirators in order to further their criminal activities.

1

4. In preparing this affidavit, I have conferred with other USBP agents who have extensive experience investigating alien smuggling cases, and the opinions stated below are shared by them. Furthermore, I have personal knowledge of the following facts or have been told these facts by the persons mentioned herein.

5. This affidavit is submitted in support of an application to search cellular telephones described as follows:

    a. One white Motorola Boost Mobile cellular telephone
       Model No. H74XAH6RR4AN
       Serial No. 364VHGL5WK

    b. One Samsung Verizon cellular telephone
       Model No. SCH-U340
       Electronic Serial No. 01502283968

    c. One black Motorola Boost Mobile cellular telephone
       Model No. H74XAH6RR4AN
       Serial No. 364VFQQB09

for evidence of violations of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II). These cellular telephones were seized from defendants Angel BERMUDEZ and David LEMOS-PEREZ at the time of their arrests on March 31, 2008. I believe that probable cause exists to believe that evidence, fruits, and instrumentalities of violations of federal criminal law may be found in the above property, specifically in electronic form.

6. I have been personally involved in the investigation that is the subject of this affidavit and I am completely familiar with the facts outlined below. That knowledge comes from my personal participation in this investigation, including interviews with other law enforcement agents participating in this investigation.

**PROBABLE CAUSE**

7. On March 31, 2008, at approximately 6:25 p.m., USBP Agent Jason Alba received a call at the El Cajon, California Border Patrol Station from a concerned citizen who reported suspected alien smuggling activity in the area of the Mountain Empire Campground

2

located on California State Route-94. The citizen reported that s/he had observed a group of suspected aliens jump into the rear cargo area of a tan Chevrolet Yukon sports utility vehicle that was parked on the side of State Route-94. The concerned citizen reported that s/he had seen the Yukon traveling with a white sedan. Agent Alba informed agents in the field, including your affiant, of the concerned citizen's report.

8. Your affiant is familiar with this area. The Mountain Empire Campground is located approximately one-quarter mile north of the United States-Mexico international boundary. It is notorious for illegal alien smuggling both because of its proximity to the border and the density of the landscape, which aids aliens in concealing themselves from law enforcement after crossing the border.

9. Shortly after Agent Alba broadcast the concerned citizen's report to agents in the field, USBP Agent Jorge Zuniga observed two vehicles that matched the description given by Agent Alba pass his location traveling north on Buckman Springs Road approximately 100 yards north of the intersection of Buckman Springs Road and State Route-94. Agent Zuniga was travelling in the opposite direction when he passed the vehicles, and noticed the silhouettes of several individuals attempting to crouch down in the rear area of the Yukon. In addition to the matching description, Agent Zuniga believed these vehicles to be the same two observed by the concerned citizen based on his distance from the Mountain Empire Campground and the amount of time that had elapsed since the report of the vehicles was broadcast. Agent Zuniga notified other agents in the field, including your affiant, that he had just seen two vehicles that he believed to be the ones reported to be involved in illegal alien smuggling. Agent Zuniga turned his vehicle around to follow the Yukon and the white sedan.

10. As the two vehicles approached your affiant's position, Agent Zuniga observed the white sedan slow considerably. However, once Agent Zuniga was able to catch up to the white sedan, it then accelerated quickly and pulled away from Agent Zuniga's vehicle.

11. When the Yukon approached your affiant's position north of where Agent Zuniga had seen the two vehicles, your affiant observed that the driver of the Yukon seemed nervous.

For instance, the driver failed to look at me or in my direction, and appeared to be gripping the steering wheel tightly. Your affiant thereafter began to follow directly behind the Yukon, as the white sedan was approximately one-quarter mile behind the Yukon at this point.

12. Your affiant followed the Yukon north on Buckman Springs Road towards where it intersects with Old Buckman Springs Road. This is a curvy section of Buckman Springs Road. Your affiant observed the Yukon had difficulty navigating the curves and swayed considerably despite that it maintained speed within what would be reasonable for the road. Your affiant also observed that the Yukon's rear appeared to be heavily laden.

13. After following the Yukon for several miles, your affiant attempted to conduct a vehicle stop of the Yukon by activating the vehicle's sirens and overhead emergency lights. The Yukon did not yield.

14. In response to the Yukon's failure to yield, a USBP agent positioned north of the Yukon and your affiant on Buckman Springs Road placed a controlled tire deflation device (CTDD) in the Yukon's path as it approached. The Yukon hit the CTDD, despite its driver's efforts to avoid it. Once the vehicle came to a rest, several individuals attempted to flee, including the driver. Your affiant quickly apprehended the driver, however, who was later identified as defendant BERMUDEZ. In total, 11 individuals from the Yukon were apprehended by USBP agents.

15. After the Yukon failed to yield to your affiant, Agent Zuniga attempted to effectuate a vehicle stop of the white sedan. The white sedan complied, and stopped approximately 200 yards short of the area where the Yukon finally came to rest. Agent Zuniga approached the vehicle, which was driven by an individual later identified as defendant PEREZ-LEMOS.

16. Agent Zuniga observed two cellular telephones in the center console area of the white sedan. Agent Zuniga noticed that one of the telephones had been broken in half. Defendant PEREZ-LEMOS stated that he received the phone in that condition. The two cellular telephones had serial numbers 01502283968 and 364VFQQB09. The cellular telephones were

seized by Agent Zuniga and cataloged into evidence at the El Cajon Border Patrol Station.

17. Agent Zuniga took custody of defendant PEREZ-LEMOS and the evidence seized from his vehicle. Subsequent investigation while inventorying the vehicle revealed a piece of paper regarding a past court date for defendant BERMUDEZ in the vehicle previously driven by defendant PEREZ-LEMOS.

18. A subsequent search of the Yukon revealed a Motorola cellular telephone, serial number 364VHGL5WK. The cellular telephone was seized by your affiant and cataloged into evidence at the El Cajon Border Patrol Station.

19. Agents interviewed individuals apprehended from the Yukon. Three individuals held as material witnesses, Rodrigo Angulo-Arzate, Carlos Del Monte-Palacios, and Olegario Noriega-Gonzalez admitted to being citizens and natives of Mexico without any legal entitlement to enter or remain in the United States. They each further admitted that they had made arrangements to be smuggled into the United States and then transported to their destination therein for a fee.

20. Based upon my experience and training, consultation with other law enforcement officers experienced in alien smuggling investigations, and all the facts and opinions set forth in this affidavit, I know that members of alien smuggling organizations communicate via cellular telephones in order to direct and monitor the transportation of illegal aliens. I also know that recent calls made and received, telephone numbers, contact names, electronic mail (email) addresses, appointment dates, messages, pictures and other digital information are stored in the memory of cellular telephones which identify other persons involved in alien smuggling activities.

21. Based upon my experience and training, consultation with other law enforcement officers experienced in alien smuggling investigations, and all the facts and opinions set forth in this affidavit, I believe that defendants BERMUDEZ and PEREZ-LEMOS worked in conjunction with one another and others, known and unknown to them, in order to smuggle illegal aliens, and further believe that they used the cellular telephones described herein to

further the goal of transporting illegal aliens.

22. Based upon my experience and training, consultation with other law enforcement officers experienced in alien smuggling investigations, and all the facts and opinions set forth in this affidavit, I believe that information relevant to the alien smuggling activities of the defendants such as telephone numbers, made and received calls, contact names, electronic mail (email) addresses, appointment dates, messages, pictures and other digital information are stored in the memory of the cellular telephones described herein.

## SUMMARY

23. Based on all of the facts and circumstances described above, I believe that probable cause exists to conclude that defendants Angel BERMUDEZ and David PEREZ-LEMOS used cellular telephones to facilitate the offenses of transportation of illegal aliens and aiding and abetting. These telephones were likely used to facilitate the offense and store and transmit data, which constitutes evidence, fruits, and instrumentalities of violations of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

24. I also believe that probable cause exists to believe that evidence, fruits and instrumentalities of illegal activity committed by BERMUDEZ and PEREZ-LEMOS continues to exist on their cellular telephones.

25. Therefore, your affiant respectfully requests warrants be issued authorizing your affiant, a Border Patrol Agent, or a Border Patrol Agent specially trained in digital evidence recovery, to search the items described in Attachment A, and seize the items listed in Attachment B.

_____
CANYON C. SWEET
Agent, U.S. Border Patrol

Subscribed and Sworn to before me this _15th_ day of July, 2008

_____
BARBARA L. MAJOR
United States Magistrate Judge